UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS ABUSAID, JR.,

    Plaintiff,

v.                                                  CASE NO: 8:03-cv-904-T-23TBM

HILLSBOROUGH COUNTY BOARD OF
COUNTY COMMISSIONERS and
HILLSBOROUGH COUNTY FIRE
MARSHAL'S OFFICE,

    Defendant.
_____/

**ORDER**

    Elias Abusaid's motion (Doc. 44) for a ruling on the request for preliminary injunction contained in the second amended complaint is construed as a motion for a preliminary injunction pursuant to Local Rule 4.06 and Rule 65, Federal Rules of Civil Procedure. The defendant objects (Docs. 46, 47) to the motion for preliminary injunction and seeks leave to file an answer and affirmative defenses.

    Pursuant to Local Rule 4.06, a request for a preliminary injunction must be made by separate motion and must include a memorandum of law evidencing entitlement to the injunction. Local Rule 4.06; Fed. R. Civ. P. 65. No memorandum providing law and facts in support of a preliminary injunction accompanies Mr. Abusaid's motion (Doc. 44). The motion fails to describe the exact conduct sought to be enjoined, fails to provide an amount of security to be posted, and fails to include a proposed form of preliminary

injunction.  Further, Mr. Abusaid's motion (Doc. 44) provides none of the elements required to evidence a facial entitlement to preliminary injunction, which elements are described by the applicable rules.[1]  See Local Rule 4.05(b)(4).  Accordingly, Mr. Abusaid's motion for a preliminary injunction (Doc. 44) is **DENIED**.  The defendant's motion (Doc. 46, 47) for leave to file an answer and affirmative defenses is **GRANTED**.

ORDERED in Tampa, Florida, on June 22, 2005.

*(signature)*
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy

---

[1] To establish entitlement to a preliminary injunction, the plaintiff must show that "(1) there is a substantial likelihood that he ultimately will prevail on the merits of the claim; (2) he will suffer irreparable injury unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) the public interest will not be harmed if the injunction should issue."  Cate v. Oldham, 707 F.2d 1176, 1185 (11th Cir. 1983).