UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ELIAS (LOU) ABUSAID, JR.,**

    **Plaintiff,**

v.                                                                        Case No.  8:03-cv-904-T-23TBM

**HILLSBOROUGH COUNTY BOARD
OF COUNTY COMMISSIONERS,
et al.,**

    **Defendants.**
_____/

**O R D E R**

THIS MATTER is before the court on the Plaintiff's **Verified Motion to Enter Default Upon Defendant Hillsborough County Board of County Commissioner ("County") Due to Fraud Perpetrated Upon the Court** (Doc. 78).  By his motion, Plaintiff seeks the entry of default against the defendant Hillsborough County Board of County Commissioners (hereinafter "HCBCC") for providing false or misleading answers to interrogatories.  Specifically, Plaintiff complains that the HCBCC gave false or misleading answers to interrogatories numbered 5 and 9 propounded in 2003 and interrogatories numbered 11 and 12 propounded in 2006, and then the HCBCC failed to provide supplemental answers despite an e-mail request from the Plaintiff.  Plaintiff characterizes such actions as perjurious, fraudulent, and an attempt to cover up the facts of the case.  HCBCC filed a response in opposition (Doc. 79) advising that any incompleteness of its prior answers

were inadvertent rather than the result of perjury or other improper intent to deceive and that any previously and accurate responses have since been supplemented and corrected.

Rule 37 of the Federal Rules of Civil Procedure confers upon the district court broad discretion to control discovery and to fashion appropriate sanctions for violation of discovery orders. United States v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). The Rule authorizes the court to

> make such orders in regard to the failure [to obey an order to provide or permit discovery] as are just, and among others the following: . . . An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

Fed. R. Civ. P. 37(b)(2)(C). The court's decision to enter a default judgment or to dismiss a cause with prejudice is justified only in extreme circumstances and as a last resort when a party's conduct amounts to flagrant disregard and willful disobedience of discovery orders. Certain Real Property, 126 F.3d at 1317; Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993); Adolph Coors Co. v. Movement Against Racism, 777 F.2d 1538, 1542 (11th Cir. 1985). Violation of a discovery order caused by negligence, misunderstanding or inability to comply will not justify a Rule 37 default judgment or dismissal. Malautea, 987 F.2d at 1542.

In this instance, Plaintiff has not previously filed a motion to compel discovery or better responses to discovery, nor has there been the entry of an order of the court compelling discovery. As such, the severe sanction sought by Plaintiff is inappropriate. Additionally,

there is no showing that the incompleteness or inaccuracy of HCBCC's initial interrogatory responses was the product of any willfulness or bad faith that would warrant an entry of default.

Accordingly, it is **ORDERED** that Plaintiff's **Verified Motion to Enter Default Upon Defendant Hillsborough County Board of County Commissioner ("County") Due to Fraud Perpetrated Upon the Court** (Doc. 78) is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 3rd day of October 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Pro se Plaintiff
Counsel of Record