UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELIAS LOU ABUSAID, JR.,

    Plaintiff,

v.                                                  Case No. 8:03-cv-904-T-TBM

HILLSBOROUGH COUNTY BOARD
OF COUNTY COMMISSIONERS, et al.,

    Defendants.
                                                  /

**O R D E R**

THIS MATTER is before the court on Plaintiff's **Bill of Costs (Fed.R.Civ. 54(d)(1))** (sic) (Doc. 109); the **Defendant County's Motion for Judicial Review of Plaintiff's Bill of Costs** (Doc. 110) and Plaintiff's response (Doc. 113); and Plaintiff's **Motion for Private Attorney's General Fees, 42 U.S.C. § 1988** (Doc. 111) and memorandum in support (Doc. 112) and the Defendant Sheriff's Office's response in opposition (Doc. 114). Upon consideration, Plaintiff's **Bill of Costs** (Doc. 109) is **GRANTED in part** to the extent that Plaintiff is awarded $441.46 in costs.

On September 6, 2007, this court entered an Order (Doc. 104) granting in part Plaintiff's renewed motion for declaratory judgment (Doc. 90) but also granting in part the dispositive motions filed by Defendants (Docs. 67, 68, 88, 89). On September 7, 2007, the Clerk entered a Judgment (Doc. 105) in Plaintiff's favor as to Counts One, Two, Seven, and Ten. *Id.* Plaintiff filed a motion for reconsideration (Doc. 106) of the court's finding that Plaintiff's takings claim asserted in Count Eleven of the Third Amended Complaint was premature and dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). The

court denied the motion for reconsideration by endorsed Order (Doc. 107) on September 24, 2007.

Two days later, the Plaintiff filed the instant Bill of Costs (Doc. 109) seeking an award of costs in the amount of $990.00.  In response, Defendants Hillsborough County Board of County Commissioners and the Hillsborough County Fire Marshal's Office (collectively, "the County") challenge only Plaintiff's entitlement to an award of costs.  *See* (Doc. 110).  As grounds, the County argues that Plaintiff's motion should be denied for failure to confer with opposing counsel as required by Local Rule 3.01(g).  The County further argues that Plaintiff was not the "prevailing party" under Rule 54(d)[1] of the Federal Rules of Civil Procedure, since his requests for monetary and injunctive relief were denied.

The County relies on *Hewitt v. Helms*, 482 U.S. 755 (1987), for a narrow definition of the term, "prevailing party," and quotes portions of the Supreme Court's opinion.  (Doc. 110 at 2-3).  It argues that Plaintiff received only a favorable judicial statement of law to the extent that this court declared some parts of the Rave/Dance Hall Ordinance unconstitutional.  The County contends that in the absence of any other relief, including a finding that Plaintiff's rights were violated, Plaintiff was not a "prevailing party" under Rule 54(d) and his request for costs should be denied.

Contrary to the County's assertions, this court *did* grant some of the relief sought by Plaintiff.  The court granted declaratory relief upon a finding of the Ordinance as

---

[1] Rule 54(d) provides in pertinent part: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1).

2

unconstitutional and injunctive relief by enjoining Defendants from enforcing the Ordinance. (Doc. 104 at 43-44). Additionally, the court entered Judgment (Doc. 105) in Plaintiff's favor. Under these circumstances, Plaintiff is a prevailing party entitled to an award of costs as a matter of course pursuant to Rule 54(d).

This determination is consistent with the decision in *Helms* when the opinion is read in its entirety. In *Helms*, the Supreme Court observed that

> Helms obtained no relief. Because of the defendants' official immunity, he received no damages award. No injunction or declaratory judgment was entered in his favor. Nor did Helms obtain relief without benefit of a formal judgment – for example, through a consent decree or settlement. The most that he obtained was an interlocutory ruling that his complaint should not have been dismissed for failure to state a constitutional claim. That is not the stuff of which legal victories are made.

*Helms*, 482 U.S. at 760. The court rejected Helms's argument

> that the statement of law . . . that Helms' disciplinary proceeding was unconstitutional a 'vindication of . . . rights . . . that is at least the equivalent of declaratory relief, just as a monetary settlement is the informal equivalent of relief by way of damages. To suggest such an equivalency is to lose sight of the nature of the judicial process. . . . Besides the incompatibility in principle, there is a very practical objection to equating statements of law (even legal holdings en route to a final judgment for the defendant) with declaratory judgments: The equation deprives the defendant of valid defenses to a declaratory judgment to which he is entitled. . . . We conclude that a favorable judicial statement of law in the course of litigation that results in judgment against the plaintiff does not suffice to render him a 'prevailing party.' Any other result strains both the statutory language and common sense.

*Helms*, 482 U.S. at 761-63. In this case, Plaintiff achieved more than just a favorable interlocutory ruling. Instead, the court's judgment was for the Plaintiff on an order granting

3

both declaratory and injunctive relief in his favor. Plaintiff is the prevailing party and entitled to an award of costs. Accordingly, Defendant's motion (Doc. 110) is **DENIED**.

While an award of fees lies in the discretion of the court, it may only tax costs as authorized by statute. *U.S. EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). Costs awarded under Rule 54 are limited to those costs permitted under 28 U.S.C. § 1920. *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002). Costs authorized under § 1920 include fees of the clerk and marshal, fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case, fees and disbursements for printing and witnesses, fees for exemplification and copies of papers necessarily obtained for use in the case, and compensation of court appointed experts and interpreters. 28 U.S.C. § 1920. Costs not specifically enumerated by § 1920 are not compensable. *See W&O, Inc.*, 213 F.3d at 620 (citing *Crawford Fitting*, 482 U.S. at 445).

Plaintiff claims as his costs: $150.00 (docket fee); $60.00 for fees for service on defendants; $117.50 for deposition transcripts of Lt. Herring, Maj. Davis, and Commissioner Norman; $113.96 in cost for public records request from Sheriff; and $550.00 in copying costs (est. 3000 pages @ $.15 each page).[2] Upon review, all the costs claimed by Plaintiff, except for the copying costs appear authorized by § 1920 and reasonable and necessary for his prosecution of his claim. The copying costs for an estimated 3000 pages of material are not adequately documented or shown to be necessary for the prosecution of this claim. Accordingly, Plaintiff is awarded costs in the amount of $441.46.

---

[2] It appears that Plaintiff miscalculated the amount for copies and printing: 3000 pages at $.15 per page amounts to $450.00, rather than $550.00 as claimed by Plaintiff.

Plaintiff also seeks an award of attorney's fees in the amount of $63,000.00. Plaintiff cites to 42 U.S.C. § 1988, which provides that the court "may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." *Id.* Although Plaintiff, who proceeded *pro* se in this litigation, advises that he is a paralegal and is entitled to an award of fees. As to the amount, Plaintiff estimates that he devoted at least 700 hours at a normal paralegal billing rate of $90.00 per hour.

In response, the Sheriff's Office argues that Plaintiff's motion for fees should be denied because he filed his motion more than fourteen days after the entry of Final Judgment in contravention of Rule 54(d)(2)(B). The Sheriff's Office also argues that Plaintiff is not a "prevailing party" under § 1988 as against the Sheriff's Office because declaratory judgment in Plaintiff's favor was only entered on counts against the County. Finally, the Sheriff's Office argues that Plaintiff, as a *pro se* litigant who is not a lawyer, is not entitled to fees.

The law is well-established that "a *pro se* litigant who is *not* a lawyer is *not* entitled to attorney's fees." *Kay v. Ehrler*, 499 U.S. 432, 435 (1991) (noting agreement between the circuits). Accordingly, Plaintiff's motion for an award of fees is **DENIED**.

**Done and Ordered** in Tampa, Florida, this 3rd day of June 2008.

> _____
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

Copies to:
Pro se Plaintiff
Counsel of Record